Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| MAYRIM VILLALOBOS SOLÍS, POR SÍ Y EN REPRESENTACIÓN DE LA MENOR, M.C.V.<br><br>Recurrida<br><br>v.<br><br>ARQUIDIÓCESIS DE SAN JUAN BAUTISTA DE LA IGLESIA CATÓLICA, ROMANA Y APOSTÓLICA, INC. Y OTROS<br><br>Peticionarios | KLCE202300877 | *Certiorari*<br>Procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: GB2021CV00123<br><br>Sobre: Daños y Perjuicios; Acometimiento o Agresión |
|---|---|---|

Panel integrado por su presidente, el juez Rodríguez Casillas, el juez Rodríguez Flores y la juez Rivera Pérez.

Rodríguez Casillas, juez ponente.

### RESOLUCIÓN

En San Juan, Puerto Rico, a 6 de diciembre de 2023.

Comparece el *Colegio Nuestra Señora de Belén* (Colegio o co-peticionaria), en el recurso de *certiorari,* para que revoquemos la *Resolución* emitida el 11 de julio de 2023,[2] por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI), en la que declaró *No Ha Lugar* la *Moción Solicitando Reconsideración* sobre la entrega del récord de tratamiento psicológico de la *Sra. Mayrim Villalobos Solís*.

Examinado el escrito de ambas partes, resolvemos **denegar** el auto de *certiorari* solicitado.

-I-

El **22 de febrero de 2021**, la *Sra. Mayrim Villalobos Solís* (Villalobos Solís), por sí y en representación de su hija menor de edad M.C.V., (parte recurrida) presentó una acción en contra del

---

[1] Conforme a la Orden OATA-2023-144 se designa al Hon. Fernando L. Rodríguez Flores para entender y votar.
[2] Notificada el 12 de julio de 2023.

Colegio, la *Arquidiócesis de San Juan* (Arquidiócesis), la *Iglesia Católica* (Iglesia) y el *Sr. Jesús Canales Bruno* (Canales Bruno o maestro).[3] Alegó daños físicos y angustias mentales como consecuencia de un patrón de abuso sexual cometidos por el maestro, señor Canales Bruno.[4]

Tras la contestación de la demanda por la Arquidiócesis el 15 de diciembre de 2021,[5] y luego de varias incidencias procesales, el **9 de noviembre de 2022**, la parte recurrida enmendó la demanda,[6] para —entre otras cosas— anunciar que en abril del 2019, advino en conocimiento de que su hija había sido víctima de actos lascivos mientras estudiaba en el Colegio a manos del maestro Canales Bruno, entre los años 2016 a 2018. Arguyó que el Colegio no supervisó adecuadamente al maestro. Por lo cual, instó las causas de acción en daños y perjuicios al amparo de los artículos 1802 y 1803 del Código Civil de 1930.[7] Consecuentemente, la Arquidiócesis y el Colegio contestaron individualmente la demanda enmendada.[8]

El **3 de febrero de 2023**, el Colegio informó al TPI el envío de avisos de deposición.[9] Sin embargo, la información solicitada para la preparación de la deposición no había sido recibida, por lo que, el foro primario ordenó a la contraparte la entrega de dicha información.[10] No obstante, la parte recurrida solicitó reconsideración.[11] Entre otras cosas, señaló que los expedientes estaban disponibles, pero solicitó una orden para que en caso de requerir cualquier otro récord, fuera evaluada la pertinencia por un profesional. Sin embargo, el Colegio manifestó que, ante las

---

[3] En el transcurso del caso, la *Sra. Marielle Cardona Villalobos* alcanzó su mayoría de edad.
[4] Apéndice 4 de la *Petición de Certiorari*, págs. 8 – 16.
[5] *Id.*, Apéndice 5, págs. 17 – 22.
[6] *Id.*, Apéndice 10, págs. 46 – 56.
[7] Artículos 1802 & 1803 del *Código Civil de Puerto Rico* (1930), 31 LPRA ant. secs. 5141 – 5142.
[8] *Véase* los Apéndices 12 y 13 de la *Petición de Certiorari*, págs. 58 – 76.
[9] Apéndice 14 de la *Petición de Certiorari*, pág. 77.
[10] *Id.*, Apéndice 16, pág. 97.
[11] *Id.*, Apéndice 18, págs. 100 – 102.

alegaciones de la parte recurrida, los récords médicos eran fundamental para defenderse.[12]

Examinadas las mociones, el TPI emitió *Orden* el **8 de marzo de 2023**.[13] En lo pertinente, expresó:

> *[E]n cuanto a los récords médicos deben ser entregados en su totalidad a la parte demandada en el término perentorio de diez (10) días, so pena de sanciones.*[14]

Luego de varios trámites procesales, la parte recurrida argumentó sobre la producción del récord que custodia la Dra. Mabel Quiñones (Dra. Quiñones), psicoterapeuta de la co-recurrida Villalobos Solís,[15] eran confidenciales bajo las Reglas de Evidencias y las Reglas de Procedimiento Civil,[16] por lo cual, levantó el privilegio entre psicoterapeuta y paciente que provee la Regla 507 de las Reglas de Evidencia.[17] Reconoció que el descubrimiento de prueba era amplio, pero no infinito, por lo que el récord médico debía ser limitado a lo pertinente al caso.

Por su parte, el Colegio replicó el **21 de abril de 2023**,[18] que la misma es académica, ya que fue la parte recurrida quien puso en controversia su estado de salud mental. Así, pues, el **21 de abril de 2023**, el TPI determinó que a base de las alegaciones de la demanda, el expediente médico en posesión de la Dra. Quiñones era pertinente.[19]

El **1 de mayo de 2023**, la parte recurrida presentó una solicitud de reconsideración.[20] En particular, solicitó delimitación del alcance sobre la producción del récord médico por la existencia de una relación psicoterapéutica y paciente. En oposición a la

---

[12] *Id.*, Apéndice 19, págs. 103 – 110.
[13] *Id.*, Apéndice 20, pág. 111.
[14] *Id.*
[15] *Id.*, Apéndice 25, págs. 127 – 135.
[16] Reglas de Evidencias, 32 LPRA Ap. VI.; Reglas de Procedimiento Civil 2009, 32 LPRA Ap. V.
[17] Regla 507 de las *Reglas de Evidencias de 2009*, 32 LPRA Ap. VI, R. 507.
[18] Apéndice 26 de la *Petición de Certiorari*, págs. 136 – 139.
[19] *Id.*, Apéndice 27, pág. 140.
[20] *Id.*, Apéndice 28, págs. 141 – 151.

reconsideración, tanto el Colegio como la Arquidiócesis replicaron.[21] Ambos co-peticionarios alegaron que, ante las alegaciones en la demanda de los daños mentales, era necesario auscultar la prueba referente a ello. Adujeron que de no ser posible, estarían en un estado de indefensión.

Mediante *Resolución y Orden* emitida y notificada el **5 de junio de 2023**, el TPI acogió la reconsideración presentada por la parte recurrida,[22] y expresó lo siguiente:

> *[E]n cuanto a la entrega del expediente médico completo de la Dra. Quiñones, se emite orden protectora a los efectos de que únicamente se entregue evidencia de fecha de comienzo de tratamiento de la demandante Mayrim Villalobos Solís y la culminación (de aplicar), fechas de visitas y toda la información que no contenga anotaciones y conversaciones relativas a tratamiento, conclusiones y recomendaciones.[23]*

Inconforme, el Colegio presentó el **9 de junio de 2023** una *"Moción Solicitando Reconsideración"*,[24] arguyendo que la orden protectora impuesta por el TPI los colocaba en un estado de indefensión.

Al no comparecer la parte recurrida,[25] y ante la solicitud promovida por el Colegio,[26] el TPI emitió y notificó su *Resolución* el **7 de julio de 2023**.[27] En lo pertinente, expresó:

> *Examinada la Moción de Reconsideración presentada el 9 de junio de 2023, por la codemandada Colegio Nuestra Señora de Belén, el tribunal reconsidera la resolución y orden emitida el 5 de junio de 2023. <u>En consecuencia, se ordena a la Dra. Mabel Quiñones la entrega de diagnósticos y tratamientos que contenga el expediente de la demandante Mayrim Villalobos Solís, además de lo dispuesto en la resolución y orden emitida el 5 de junio de 2023, que incluye fecha de comienzo y culminación de tratamiento (de aplicar) y fechas de visitas.</u> **Se excluye de la entrega toda la información que contenga anotaciones sobre conversaciones entre pacientes y psicoterapeuta**.[28]*

---

[21] *Véase,* los Apéndices 29 y 30 de la *Petición de Certiorari*, págs. 152 – 163.
[22] *Id.*, Apéndice 31, págs. 164 – 165.
[23] *Id.*, en la pág. 165.
[24] *Id.*, Apéndice 32, págs. 166 – 175.
[25] *Véase,* Apéndice 33 de la *Petición de Certiorari*, pág. 182.
[26] Apéndice 31 de la *Petición de Certiorari*, págs. 183 – 186.
[27] *Id.*, Apéndice 35, págs. 187 – 188.
[28] *Id.*, en la pág. 188.

Aún en desacuerdo, el **10 de julio de 2023** el Colegio sometió una solicitud de reconsideración.[29] Alegó que de no contar con la totalidad del récord médico en manos de la Dra. Quiñones, se les dificultaría y/o afectaría la evaluación a sus peritos. Por lo que, solicitó la obtención del expediente médico completo.

Así, el **11 de julio de 2023** notificado el 12 del mismo mes y año, el TPI declaró *No Ha Lugar* la solicitud presentada por el Colegio.[30]

Por lo cual, el **9 de agosto de 2023**, el *Colegio Nuestra Señora de Belén* recurrió ante este foro apelativo. Mediante la presente petición de *certiorari* señaló la comisión del siguiente error:

> ***ERRÓ EL TRIBUNAL, A QUO, AL DICTAR ORDEN PROTECTORA PARA EVITAR SE ENTREGUE EL RÉCORD PSICOLÓGICO DE LA CO-DEMANDANTE MAYRIM VILLALOBOS SOLÍS.***

Atendido el presente auto de *certiorari*, el **16 de agosto de 2023** emitimos una *Resolución* concediéndole a la parte recurrida un término de diez (10) para mostrar causa. Ante el incumplimiento de la parte recurrida, procedemos a considerar el caso sin el beneficio de dicha parte.

-II-

-A-

Sabido es que el auto de *certiorari* es *"un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior"*.[31] Por discreción se entiende el *"tener poder para decidir en una forma u otra, esto es, para escoger entre uno o varios cursos de acción"*.[32]

Por su parte, la Regla 52.1 de Procedimiento Civil,[33] delimita las instancias en que habremos de atender y revisar vía *certiorari* las

---

[29] *Id.*, Apéndice 3, págs. 3 – 7.
[30] *Id.*, Apéndice 1, pág. 1.
[31] *Mun. Autónomo de Caguas v. JRO Construction, Inc.,* 201 DPR 703, 711 (2019).; *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337 – 338 (2012).
[32] *García v. Asociación,* 165 DPR 311, 321 (2005).
[33] 32 LPRA Ap. V, R. 52.1.

resoluciones y órdenes emitidas por los tribunales de instancia, a saber:

> *[E]l recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. […].*[34]

Con el objetivo de que podamos ejercer de manera sabia nuestra facultad discrecional —de entender o no en los méritos del asunto esbozado en un *certiorari*— contamos con la Regla 40 del Reglamento del Tribunal de Apelaciones,[35] que establece los siguientes criterios:

> *El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:*
> *(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.*
> *(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.*
> *(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.*
> *(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.*
> *(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.*
> *(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.*
> *(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.* [36]

Por lo que, al tener discreción judicial, este foro apelativo tiene la reserva para expedir o denegar el auto; bajo el siguiente crisol:

> *[d]e ordinario, no se intervendrá con el ejercicio de discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con*

---

[34] *Id.*
[35] Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R.40.
[36] *Id.*

*prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial.*[37]

De manera, que si la actuación del TPI no está desprovista de base razonable ni perjudica los derechos sustanciales de las partes, deberá prevalecer el criterio del juez de primera instancia a quien le corresponde la dirección del proceso.[38]

**-III-**

En síntesis el *Colegio Nuestra Señora de Belén* nos señala que el TPI erró al emitir una orden protectora en favor de la parte recurrida.

Conforme el derecho aplicable, resolvemos que el caso ante nos, aunque presenta una de las circunstancias contempladas en la Regla 52.1 de Procedimiento Civil, *supra,* por tratar de un asunto relativo al privilegio de psicoterapeuta y paciente, y a la luz de los criterios establecidos en la Regla 40 de este tribunal, *supra,* que debemos evaluar, no encontramos justificación para intervenir. Por lo tanto, la determinación recurrida constituye una decisión dentro del claro ejercicio de discreción conferido a los tribunales de primera instancia y de su facultad de manejar los casos de la manera que entiendan más adecuada, conforme las normas de derecho aplicables y los hechos ante su consideración. Además, concluimos que el TPI no actuó de forma arbitraria o caprichosa, ni se equivocó en la interpretación o aplicación de las normas procesales o de derecho al ejercer su poder discrecional de tomar las medidas protectoras que entendió necesarias, por lo que no se justifica nuestra intervención en este caso.

---

[37] *Id.*; *Zorniak Air Services v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992).; *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).
[38] *SLG Zapata- Rivera v. J.F. Montalvo,* 189 DPR 414, 434 – 435 (2013).

**-IV-**

Por lo fundamentos antes expuestos, **denegamos** la petición de *certiorari* presentada.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones